Next case is in re DEEN Todd Daniel Beld appearing for appellants Sana DEEN appearing pro se okay good morning mr. Beld would you like to reserve some time for rebuttal yes your honor three or four minutes okay very good please go ahead your I'm gonna rely mainly on the briefing but I just want to point out that I've seen nothing that gives any kind of viable means for the court to have asserted jurisdiction in this case because of the fact that it was a closed case fully dismissed let me stop you there because let me stop you there because you say closed and dismissed as if they are interchangeable is that is no they're not interchangeable the cases do make that distinction okay and this case was just closed wasn't it doesn't the court's order or the clerk's notice I've forgotten which was doesn't it just say closed no the adversary proceedings were also dismissed as a separate matter is there an order on that that's my understanding your honor yes I I didn't see it yeah but go ahead well the there was a notice given to all parties that the matter would be automatically dismissed I thought the notice that it would be closed and the word dismissed was never in there that's that's what I recall from the record okay well we we also wanted to point out that they the appellants were definitely prejudiced by what occurred in this case and I guess my question therefore would be why still how under a purported rule 5010 proceeding was it proper for the court to take this action when the matter had been closed and the answer is found in the Valdez case the court at that point lost jurisdiction over all proceedings and there was no nexus to a bankruptcy case any longer and that means that there's nothing further for the court to have purported to reopen there's nothing that the court could do to remand at that point and they're two separate proceedings and they were compressed in this particular case without really due process to my clients the court also ignored the other adversary proceeding applicable in this case which arose out of the same case the Dean versus Dean case that was remanded to the bankruptcy course to the bankruptcy court because they that is a claim by the attorneys that was brought in the adversary proceeding for fees arising and my clients malpractice claim against them also what so that wasn't remanded how can you remand one proceeding without remanding both proceedings back to the court from which they came I'm not sure I don't understand how that could happen also I feel that the court ignored public policy for finality in this case the the as we pointed out in the briefs the parties had settlement discussions they my client in reliance upon what they felt was a an agreement to end all proceedings close the bankruptcy and in this case now we have one adversary proceeding sort of resurrected without the other being resurrected has anybody asked to resurrect the other one yes my clients have but what happened what does it do with it it's pending actually on appeal in in California courts on the dismissal of by the court puzzlingly the court while the bank to stay was in effect in California purported to dismiss that cause of action against the attorneys that represented my clients in the Dean versus Dean matter so by your clients against their attorney correct correct right and the and in the bankruptcy that law firm filed its own proof of claim in the bankruptcy purporting to be owed I think half a million dollars and so just to avoid multiplicity of proceedings here you know this particular purported order reopening the bankruptcy case and remanding should be set aside further even if somehow there is a roadmap that can be provided to uphold that purported order you have this unclean hands issue because it's all based on a deed that was fraudulent was found to be fraudulent and so you know remanding purporting to remand the case procedurally doesn't work and in all fairness should not be allowed to go forward with that I'll just reserve the response thank your honors okay thank you very much miss Dean please go ahead thank you your honors um so um as you had asked earlier I did look up the there was no order saying that there was the adversary was had been dismissed there was only a notice issued by the clerk of the bankruptcy court on April 10th that said that pursuant to the local bankruptcy rule this adversary proceeding will likewise be closed unless the party files a motion seeking continuation so and there was a seven day time limit there so there was never and also this was discussed in detail at the February 10 2020 hearing when the remand was heard by the bankruptcy trial court and the judge said that the bankruptcy was dismissed and that leads to the upon just closed and shut down and he did make it clear that there had been no adjudication no actual final judgment on the adversaries so and if it's okay if that I hope that answers the question and if it's okay I'd like to make some more points go ahead please can you hear me okay yes okay great great so there has been ongoing litigation civil litigation in the state court between the two sides in the San Diego Superior Court for almost six years now since the mid-2016 where the appellants were trying to take our Dean family home along with many other family properties the state court has already conducted a trial on the first bifurcated cause of action and issued a judgment determining title to real property back in 2017 that was recorded in the in the county as well showing that the title ownership was proven and and you know the title ownership was discussed in detail in that trial and it was proven on detailed funding forensic accounting funding since the time of purchase of the property in 20 in 2010 it was not based on Punjabi culture was based on the title ownership division by the court was based on proven detailed funding we also have 14 additional causes of action in that cross complaint they're still pending in the state court when the state court had already made numerous determinations involving the remaining causes of action including findings of fraud against the appellants appellants have been very upset with the decisions with those decisions and the judgment that was issued in the state court and they had made over 14 attempts to vacate the value judgment and to change the judge and the court venue including several writs and appeals all of which were unsuccessful and denied by the state court and the appellate courts over and over again I've referred to these in the responsive brief but I'd like to mention a couple of those attempts here there was a detailed motion to vacate judgment the same judgment that they're trying to call invalid in this new paperwork as well a detailed motion was to vacate that judgment was brought by the appellants in the state court it was denied by the state trial court in July on July 19 2019 then the appellants tried to stay the execution of that judgment which was denied on August 29 2019 then they took it to the state appeal court for immediate stay of judgment that same judgment this is their third attempt now in the appellate court and it was denied by the appellate court on September 4 2019 by three justices that's when the appellants by September 28 so September 4th they're getting all they're not able to get this judgment stayed it's a value judgment that the court gave after 21 days of trial and deliberating about two and a half months afterwards so by September 28 2019 appellants had filed a bankruptcy to get the entire stay on hold a bankruptcy hold the or a bankruptcy stay and they did that on the eve of civil trial saying the entire state case and then they allegedly removed the state case to achieve their wish to change the judge and the court and to re-litigate and this whole the first cause of action which they seem to do in their paperwork over and over again and if you read their briefs and this is basically to legally harass us by misusing the bankruptcy system into undoing or vacating a valid judgment and to get rid of our entire case this is what they exactly what they were they were trying to do and they're admitting and asking in their arguments in their briefs in this appeal they're asking the entire case to be thrown out because you know they brought it to the bankruptcy court and then dismissed a bankruptcy unilaterally so it's clear that the bankruptcy was just used as a means to From the beginning this was a sham bankruptcy. Appellant's bankruptcy petition was full of gross misrepresentations. The petition did not reflect correct titles and values of several properties concealing the value of assets in multi millions of dollars including the Dean family home that the petition the bankruptcy petition they listed at around $100,000 value when its real value is in millions and both sides have actually expended over a million dollars just in attorney fees in the state court that resulted in the judgment that they're now so desperately trying to invalidate now and they're trying to do that all by themselves they think that they can unilaterally throw out a superior court judgment that the appellate court, state court denied to hold, to vacate, to invalidate and they're just using the bankruptcy system, they're abusing it. Kashif Khawaja was the two appellant's debtors. He is the sole earner, he's a primary tax filer, he's the financial head of the household between the two debtors but they put the housewife Isha Dean in the front line using the non-working spouse who has no job or credit to risk by filing a bankruptcy under her name and social security number where Kashif reaps all the benefits from the bankruptcy while hiding himself and the real debtors name and social security number and all this doesn't seem right. When the Chapter 13 trustee sought to validate the bankruptcy petition filings with site visits and evaluation of two properties for liquidation which was immediately followed by their counsel, appellant's counsel, filing an emergency motion to be relieved as counsel. Appellants realized that they couldn't pull a fast one in the bankruptcy court any longer. Then the April of 2020 and they did so before the scheduled motion to remand that we had on the calendar for May 27th of that year could be heard. In fact before any motions or progress could be made on our remaining claims even in the bankruptcy court. We've also learned since then, we've learned now that they had also done so this, they had also in that time that they filed this bankruptcy dismissal, they'd also done so to cash out and sell one of the family properties in Orange County that has been under litigation and has a dispendence on it. We have claims of ownership from our side and the other side that property is called the San Gabriel property in Orange County. But within the days of their bankruptcy dismissal on May 18th, the appellants had already gone into contract by May 26. This is within a week of getting their bankruptcy dismissal request completed. By May 26, they had already gone into contract to sell that house, which is under dispendence. So they're going against the law and not letting anyone know. And by they had finalized that sale by July 15th of 2020, walking away with a value of $930,000. That's $930,000 when they had misrepresented its value, that same property's value in the bankruptcy petition to be just a fraction of that value. Just a couple of months ago, they did that. They had misrepresented a fraction and then they walk away with $930,000 of this property and no one knew about this. They did that and they keep on talking about why there's such a long time. There's such a long delay, but they did all this and we had no indication that they were up to this. So interestingly, the appeal attorney who's here today, Mr. Todd Weld, he's the same attorney that needed to have been involved in that property sale while it was under dispendence. He was representing the corporation that was involved with that. Let me stop you for a second. Is that sale really part of this appeal? I don't recall seeing anything about that in the record of this appeal. What didn't happen before the bankruptcy court made its decision, correct? We actually didn't just recently learn about it because they mentioned it in their reply brief. There was no place for us to discuss it in our brief. After our response had filed, we learned about this from the reply brief that they had made to the property. So Mr. Weld, who's here, he was representing the corporation that was involved with that title. So he must have been involved because without his signature, that sale could not have happened. And now he's going out of his way to, in the paperwork, there's a lot of misrepresentations about us in the state court rulings. Our side had been actively pursuing all our claims in the bankruptcy court. And there was no, if we had filed our statement of non-consent, we were self-represented, but we filed the statement of non-consent, our proof of claims, non- dischargeability of debt, everything on time, even the adversary, while we waited for the motion to remand to be heard in May of 2020. It wasn't until the appellants filed a declaration in November of 2020 in the state court before a state court scheduled hearing. That's when we first learned about that their bankruptcy, that they had taken this new position that there's lack of jurisdiction and the entire case has disappeared into thin air all of a sudden. So there were extensive arguments in the hearing. The bankruptcy court reopened and remanded our claims based on equitable grounds for the case to be decided on merit and issued the February 12 order, which is the subject of this appeal. During the hearing, the court had said that there's, it's a general policy that the case must be decided on merits. The court also said that the, it has looked at all the factors. I'm just quoting a little bit from that transcript. The court has discretion and power to reopen the case and then there's a set of considerations that were considered for the, as far as whether the case should be kept at bankruptcy or remanded back. The court also said that there's a double request here. One is to reopen the adversary and the court has discretion to do that in the interest of justice, to do that because the adversary proceeding does not have a final order or judgment. And then the court also talked about why the remand was proper and why it was practicing abstention because it's against the policy because there's the question of right to trial, right to jury trial that the court honored. We want to take this case to the trial. We are not waiving any of our claims. There's a lot that needs to be addressed. There are live disputes I would like to address with the state court. And so that's, it was discussed a little bit in the hearing, but in our, more in our paperwork. So in summary, our arguments are listed, you know, they are listed in our brief, but what we feel is that, or you know, the court had the jurisdiction to clarify and effectuate its own orders. Adversary had only been closed. It was not dismissed. Reopen was an administrative procedure and remedy and only to clarify the court's bankruptcy dismissal order, effectuating the remand that occurred under the bankruptcy dismissal statutes. No new relief was granted by the court. So we've talked about that and also the local rule 70412B states, if a pending related adversary proceeding was removed from another court, it will be remanded to that court upon dismissal of the underlying bankruptcy case. And that order is in place right now. So the appeal is being heard right now and that part of the law should apply to our current appeal. There's other arguments that we made in our response to brief. We have a right to be heard. We took all the actions on recession as soon as we knew. We've heard about this on November 4th of 2020 and by November 10th of 2020, we were asking the bankruptcy court to clarify the jurisdiction issue. So, and also the subject order is not appealable because it was granted on equitable grounds. And it says so in USC, 28 USC section 1452B that an order remanding a case to the bankruptcy court is not applicable on appeal. And the similar thing is said in section 1447D and C. So in summary, I would like to just say that the court had jurisdiction. There was no abuse of discretion. We had the full right to be heard. Proper procedures had been applied. The bankruptcy court had the discretion to reopen the adversary for good cause and strong reasons and grounds existed here to provide equitable relief. The bankruptcy court had issued the order to the conclusions of law as a hearing transcript clearly supports. Yet a panelist asked the appellate court to grant an appeal against the law. The subject order of the appeal is barred and immune from appeal. From what we can tell, the appeal is moot and the appeal should be denied. And therefore, we requiembly request the Honorable Court to deny this appeal. Okay, thank you very much. Any more questions from the panel? No, thanks. Okay, thank you. Mr. Bell, back to you for nine minutes if you need that much. Go ahead, please. Thank you, Your Honor. As to the dismissal, under Rule 7041-2, dismissal of related Title 11 case, whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been rendered may be dismissed without prejudice. And then they're given seven days to enter something with the court to undo that. So... Well, that says you said maybe, right? It doesn't say will be. May be dismissed without prejudice and without further order of the court. If there's no further order of the court needed, then it's a done deal. That's a local rule you're reading from? Yes. And I will point out that the appellees have cited a change in the rule that has since occurred. And that's why in the judge's hearing on the motion for reopening and remand, the judge says that's not the way it's done under our rules. It's not automatic that there's a remand. It's actually automatic that there's a dismissal. Now, the rule has since changed, but that doesn't apply to this case, because the change occurred and it's not retroactive. I just think it's profoundly, profoundly strange and questionable that a case could be dismissed without there being an order providing for dismissal. I just, I find it hard. That's a final judgment. How can you have a final judgment that's not written down any place? And the only written order in this case says closed. And I think it's actually not even an order. It's a notice from the clerk. Well, actually, let's look at that. On the 10th of April 2020, there was a request for voluntary dismissal of the bankruptcy that was granted and notice of dismissal were issued to all parties in each associated adversary proceeding. Right. Then on the 18th, final terminations of the adversary proceedings are entered after dismissal. So on the 18th, yes, that's different than dismissal of the adversary, because there was no dismissal because the notice stated that it was being closed. But the rule, the rule is the rule. But what happened as a result of the rule is what's controlling here. And what was controlling is the notice of the parties on April 10th. That that was the action that was taken, wasn't it? Yes. And they didn't respond within the time allotted. And now they're gerrymandering some kind of relief that is inappropriate. Gerrymandering is certainly a matter of perspective. But the point the point is, isn't it that there was a case that was, you know, sitting in the bankruptcy court as an adversary that was never decided. It just went away. Why shouldn't that case be decided? It has been decided it was decided based upon basically a settlement that was reached by the parties. Where is where is that? Where is that in the record? How do I know that? It is not in the bankruptcy record. Yes, there's no stipulation on file as to the settlement. And if it was decided, you still have that. That's your defense. There are no further causes of action because it was settled. But shouldn't that be be heard and decided? And, you know, there should be. It should be heard in the bankruptcy court. Now, the bankruptcy. The point is, is that the bankruptcy case disappeared. So the bankruptcy court has the ability to say, even though that case continues, even a lawsuit continues, it should continue outside of bankruptcy. And that seems to be what the purpose of the rule is. And by just common sense to have the matter decided one way or another as decided, that should happen. And that's why I don't understand. I mean, we're tussling with the, you know, the technicalities and the words to be used. But ultimately, shouldn't this case actually be decided? It has been decided on the merits. Yeah, because I don't think closing is decided. And the question is, where should it be decided at this point, given all that's it was removed and should not have been remanded because there was a loss of jurisdiction that makes the order, you know, essentially no. No, I think you need to break that down, too. Because, again, I think you're conflating possibly the bankruptcy and the adversary. The court had jurisdiction of the adversary. The court still has jurisdiction of the adversary. It can do whatever it needs to in the adversary, even it has to be reopened and or a It was never decided. It still has that quantum. There is no bankruptcy. I get you that you have to keep those two separate, don't you? Well, but in this case, there was no proper procedure. I mean, they should be allowed to argue that in the bankruptcy. What harm did you suffer? Because you argued the remand, which is ultimately the ultimate question here. And there was a decision entered in both the the adversary on order reopening and remanding case to state court. So the substance was decided. You argued, unfortunately, you lost on the remand. But, you know, it hasn't I mean, hasn't where it should go now been decided? Well, no, no, I mean, that assumes jurisdiction where it doesn't exist. Again, there was jurisdiction because it was made pursuant to the bankruptcy. Now that bankruptcy is not no longer there, but that jurisdiction exists. So are you arguing that the bankruptcy court should be hearing the merits of this case? I'm arguing that my clients should have an opportunity to properly argue whether the case should be remanded or heard in bankruptcy court if it deed, it is able to reopen a dismissed case. So, at the very least, this ought to be remanded back to the court to have a separate hearing on whether remand is appropriate or whether it can be disposed of in the bankruptcy court. Thank you. OK, and then. OK, and so go ahead. Sorry, but you have two minutes left. Please go ahead. Yes, I see that. OK. I just wanted to mention that they've made a lot of arguments about the sale of another property. It had nothing to do with this bankruptcy. It occurred after the bankruptcy. They've cast aspersions to say that I represented them. I don't know anything about it other than what they have told me about how that sale occurred. I did not represent them. Obviously, they would not have been able to make the sale with any kind of list pendants on the property. So I'm puzzled completely by that. And also, I can only surmise that it's a similar situation where they had created some false deed to try and claim some kind of interest in that property when, in fact, the the property was owned by them. Otherwise, they would have been able to Well, we're way beyond the record here, but I think both sides are way beyond the record. I just wanted to point that out. Yes. Yes. I submit on that. Thank you, Your Honor. OK. All right. Any more questions from the panel? No. Thank you. OK. Thank you both. The matter is submitted. Thank you. Madam Clerk, you can please call the next case.
judges: Faris, Brand, Spraker